## IN THE CIRCUIT COURT OF DESOTO COUNTY, TENNESSEE

**CAROLYN COBB, individually and as**
**Next Friend of KIARA COBB, a minor,**

      Plaintiff,

v.

**ALLAN BENJAMIN GOLD and GOLD**
**ANCHOR TRANSPORT SERVICE, LLC**

      Defendants.

Docket No. CI 2021- 366CWD
Division _____
Jury Demanded

### COMPLAINT

Plaintiff, Carolyn Cobb, individually and as Next Friend of Kiara Cobb, a minor (hereinafter "Plaintiffs"), by and through counsel, hereby files this Complaint against Defendants Allan Benjamin Gold and Gold Anchor Transport Service, LLC (hereinafter "Defendants"), for personal injuries and damages, as follows:

### PARTIES

1.    Plaintiff Carolyn Cobb is an adult resident of Shelby County, Tennessee.

2.    Upon information and belief, Defendant Allan Benjamin Gold is an adult resident of Douglas County, Nevada, and resides at 1309 Cardinal Court, Gardnerville, NV 89460. Process can be served upon the Mississippi Secretary of State pursuant to the Mississippi Long Arm Statute, Miss. Code. Ann § 13-3-57.

3.    Upon information and belief, Defendant Gold Anchor Transport Service, LLC is a Nevada Corporation doing business within the state of Mississippi, with a principal place of business located at 1309 Cardinal Court, Gardnerville, NV 89460. Process can be served upon the



EXHIBIT

A



FILED

OCT 21 2021

Dale K. Thompson
CIRCUIT COURT CLERK, DESOTO COUNTY, MS

Mississippi Secretary of State pursuant to the Mississippi Long Arm Statute, Miss. Code. Ann §
13-3-57.

## JURISDICTION AND VENUE

4.     This cause of action arises in tort out of personal injuries and damages incurred as
a result of a motor vehicle collision in DeSoto County, Mississippi, on or about March 13, 2021.

5.     The collision that gives rise to this suit occurred in DeSoto County, Mississippi,
thus this Court is the proper venue.

6.     The collision that gives rise to this suit occurred on March 13, 2021, thus this suit
is timely filed.

7.     This Court has *in personam* jurisdiction over Defendant because the acts and
omissions giving rise to this action were committed in whole or in part in the State of Mississippi
against a nonresident citizen.

8.     This Court has subject matter jurisdiction over this matter pursuant to MISS. CODE
ANN.§ 57-3-13.

## STATEMENT OF FACTS

9.     Plaintiff incorporates by reference all prior allegations contained in this Complaint.

10.     Upon information and belief, at all times material hereto, including March 13, 2021,
Defendant Gold was the operator of the 2021 Volvo vehicle transport truck and trailer (VIN:
4V4NC9EJ5FN914649), which was involved in the accident with Plaintiff on March 13, 2021.

11.     At all times pertinent hereto, including on March 13, 2021, Plaintiff Carolyn Cobb
was driving in a 2014 Chevrolet Camero (VIN: 2G1FB1E32E9267885) with her daughter, Kiara
Cobb, as a passenger.

2

12.    On March 13, 2021, Plaintiff was traveling southbound on I-269 in the outside lane of traffic.

13.    At the same time and location, Defendant Gold traveled behind Plaintiffs heading south on I-269 in the same lane of traffic.

14.    Suddenly and without warning, Defendant Gold negligently failed to keep a proper lookout for other motorists and failed to slow his transport truck and trailer, colliding into the rear of Plaintiff's vehicle.

15.    Defendant's actions caused a collision between the front bumper of Defendant Gold's 2021 Volvo vehicle transport truck and trailer and the rear of Plaintiff's Chevrolet Camero.

16.    As a direct and proximate result of Defendant's actions, Plaintiffs sustained personal injuries and other damages described herein.

## CAUSES OF ACTION

### Count I - Negligence

17.    Plaintiff incorporates by reference all prior allegations contained in this Complaint.

18.    At all relevant times, Defendant owed a duty to Plaintiffs to operate his vehicle prudently, safely, and within the bounds of the law, including a duty to exercise reasonable care.

19.    Defendant Allan Gold violated that duty in the following ways:

    (a)    Failing to use that degree of care and caution in the operation of his vehicle as was required of a reasonable and prudent person under the same or similar circumstances existing at the time and place of the aforementioned collision;

    (b)    Failing to maintain a safe lookout;

    (c)    Failing to devote full time and attention to the operation of his vehicle;

    (d)    Failing to see what was there to be seen;

    (e)    Driving in a reckless manner;

       (f)     Negligently driving too quickly for traffic conditions;

       (g)    Negligently colliding with a properly-travelling vehicle;

       (h)    Other acts and/or omissions to be shown at the trial of this cause.

20.     As a direct and proximate result of Defendant Allan Gold's breach of duty, Plaintiffs suffered severe physical injuries and property damage.

<b>Count II – Negligence <i>Per Se</i></b>

21.     Plaintiff incorporates by reference all prior allegations contained in this Complaint.

22.     Defendant Allan Gold violated the following statutes of the State of Mississippi, which were in full force and effect at the time and place of the collision, such violations constituting negligence *per se*:

a.     Defendant Allan Gold failed to yield the right of way to Plaintiff's vehicle, in violation of § 63-3-801;

b.     Defendant Allan Gold drove his vehicle in willful and wanton disregard for the safety of persons or property in violation of Miss. Code Ann. § 63-3-1201;

c.     Defendant Allan Gold negligently failed to keep a proper lookout for other vehicles;

d.     Defendant Allan Gold drove his vehicle in a careless or imprudent manner, without due regard for the width, grade, curves, corner, traffic and use of the streets and highways and all other attendant circumstances in violation of Miss. Code Ann. §63-3-1213;

e.     Defendant Allan Gold failed to stop, turn or take other action to avoid the collision when he knew, or should have known that a collision was imminent; and,

f.     Any other matters that would be proven at the trial of this action before a jury.

<b>Count II- Negligent Entrustment</b>

4

23.    Plaintiff charges and alleges that Defendant Gold Anchor Transport Service, LLC negligently entrusted the use of its vehicle transport vehicle to Defendant Allan Gold. That Defendant Gold Anchor Transport Service, LLC knew, or in the exercise of due diligence, should have known of Defendant Allan Gold's propensity and proclivity to drive in an illegal, unlawful, negligent and/or reckless manner; that therefore, Defendants Allan Gold and Gold Anchor Transport Service, LLC are jointly and severally liable to Plaintiffs for all damages proximately caused by the above described acts of negligence and negligence per se. Further, Defendant Allan Gold was driving the vehicle transport carrier owned by Defendants Gold Anchor Transport Service, LLC with the express permission and approval of Defendant Gold Anchor Transport Service, LLC, thus the doctrines of joint enterprise and permissive use are hereby pled.

## Count IV- Vicarious Liability

24.    Plaintiff incorporates herein all factual allegations in all previous paragraphs.

25.    That at all times relevant to this action, Defendant Allan Gold was an employee/agent of the Defendant Gold Anchor Transport Service, LLC and was acting within the course and scope of his employment with Gold Anchor Transport Service, LLC.

26.    That Defendant Gold Anchor Transport Service, LLC is vicariously liable for the negligence caused by its employee/agent, Allan Gold resulting from the March 13, 2021 collision with Plaintiffs.

## INJURIES AND DAMAGES

27.    Plaintiff incorporates by reference all prior allegations contained in this Complaint.

28.    As a direct and proximate result of Defendant's above-described breaches of duties, violations of the common law, city ordinances, and state statutes, Plaintiff sustained injuries and damages, including but not limited to:

5

    (a)    serious and painful physical injuries;

    (b)    past, present, and future physical and emotional pain and suffering;

    (c)    past, present, and future mental anguish and emotional distress;

    (d)    temporary and permanent impairment and disability;

    (e)    reasonable and necessary medical expenses and will incur further expenses in the future;

    (f)    certain other reasonable and necessary healthcare expenses, prescription expenses, certain transportation expenses to and from healthcare providers, and other out-of-pocket expenses, the nature and amount of which yet to be determined;

    (g)    past, present, and future loss of quality and enjoyment of the normal pleasures of life;

    (h)    property damage;

    (i)    inconvenience;

    (j)    past, present, and future lost wages;

    (k)    loss of future earning capacity; and

    (l)    other damages to be proven at trial.

### PRAYER FOR RELIEF

**FOR ALL REASONS STATED ABOVE,** Plaintiff respectfully sues Defendant for a reasonable amount of restitution and compensation for damages, in an amount of Five Hundred Thousand Dollars ($500,000.00) and for all other relief to which Plaintiff may be entitled under the laws of the State of Mississippi. Plaintiff respectfully prays for damages as they may appear on the trial of this cause, reserving the right to amend this pleading to conform to the facts as they may develop, for cost and interest, and for all other general relief as the Court and jury deem just. Plaintiff prays that he be awarded pre- and post-judgment interest from March 13, 2021, until a final adjudication of the merits of this cause.

6

Respectfully submitted,

REAVES LAW FIRM, PLLC

**Brandon Scott Leslie, Esq.**
MBN. #102171
*Attorneys for Plaintiff*
1991 Corporate Avenue, Suite 310
Memphis, Tennessee 38132
(901) 417-7166 (phone)
(901) 328-1352 (fax)
brandon.leslie@beyourvoice.com (email)

7